CATHERINE HOLMES et al., Respondents, *v.* ALLSTATE INSURANCE COMPANY, Appellant.

First Department, November 25, 1969.

*Asher Marcus* of counsel (*Leahey & Johnson,* attorneys), for appellant.

*Julian Buchbinder* for respondents.

EAGER, J. P.   The defendant appeals from an order which granted plaintiffs' motion for summary judgment prior to service of pleadings.   But we conclude that this is not an action "based upon an instrument for the payment of money only or upon any judgment" within the meaning of the provisions of CPLR 3213 providing for a "motion for summary judgment in lieu of complaint" in such an action.   This was a contention of defendant in the papers submitted at Special Term, and its counsel, on the argument of the appeal, refused to waive the procedural point.   (Cf. *Reilly* v. *Insurance Co. of North Amer.,* 32 A D 2d 918.)

The action by the injured person against the tort-feasor's liability insurer, as authorized by section 167 (see subd. 1, par. [b], and subd. 7) of the Insurance Law is not an action in the nature of one brought on a judgment.   This was clearly settled long prior to the enactment of CPLR 3213.   The action is upon "a cause of action which was unknown to the common law (*Royal Ind. Co.* v. *Travelers Ins. Co.,* 244 App. Div. 582, affd. 270 N. Y. 574)" (*Thrasher* v. *United States Liab. Ins. Co.,* 19 N Y 2d 159, 166), whereas the action on a judgment was an action maintainable at and well known to the common law. (See *Bruen* v. *Bokee,* 4 Denio 56; *Church* v. *Cole,* 1 Hill 645; *Columbia Bank* v. *Newcomb,* 6 Johns, 98; 30A Am. Jur., Judgments, §928; 50 C. J. S., Judgments, § 849.)   The action exists because of statutory provisions — it is maintainable to enforce a right created by statute (*Jackson* v. *Citizens Cas. Co.,* 277 N. Y. 385), and as such, as will hereinafter be more fully demonstrated, is not an action on a judgment within the contemplation of the provisions of CPLR 3213.

The statute created the cause of action by mandating the inclusion in every liability insurance policy of a provision authorizing the maintenance of an action "against the insurer under the terms of the policy or contract" to recover the amount of the judgment rendered against the insured "not exceeding the amount of the applicable limit of coverage under such policy or contract".   (Insurance Law, § 167, subd. 1, par. [b].)   The right of recovery in the action against the liability insurer, existing because of these statutory provisions, is not established by the terms of the judgment rendered against the insured.   The judg-

ment establishes the liability of the insured but the basis for the insurer's liability, in a sense, as an indemnitor, depends upon facts dehors the terms of the judgment.

The judgment rendered against the insured is binding upon the insurer in the action by the judgment creditor only to the extent of the matters necessarily adjudged therein. (31 N. Y. Jur., Insurance, § 1355; *City of Syracuse* v. *Standard Acc. Ins. Co.*, 210 App. Div. 165.) A judgment creditor seeking recovery against the liability insurer, " stands in the shoes of the assured and can recover against the insurer only if the assured could recover under the terms of the policy ". (*Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195, 198, 199; *Sperling* v. *Great Amer. Ind. Co.*, 7 N Y 2d 442; *Spadaro* v. *Newark Ins. Co.*, 21 A D 2d 226, 230.) The right of the judgment creditor to recover in the action " is identical with the insured's right to recover on the policy, where he has paid the judgment and is seeking indemnity from the insurance company. The cause of action in one case is no greater and no less than in the other ". (*Fox* v. *Employers' Liab. Assur. Corp.*, 243 App. Div. 325, 331, affd. 267 N. Y. 609; *Spadaro* v. *Newark Ins. Co., supra.*) Therefore, in order that the judgment creditor may recover against the insurer, he must establish that, at the time of the accident, there was in full force and effect an agreement of insurance between the insurer and the judgment debtor covering the latter for the liability merged in the judgment. (See *Searle* v. *Southern Sur. Co.*, 138 Misc. 699.) The creditor " may recover only if the insured has complied with the conditions of the policy ". (*Tennant* v. *Farm Bur. Mut. Auto. Ins. Co.*, 286 App. Div. 117, 120.)

In summary, therefore, the action by the injured person against the liability insurer exists on the basis of a special statutory provision and, as therein provided, is dependent upon the " terms of the policy or contract " with the insured. The judgment against the insured is but one of the " transactions or occurrences " (see CPLR 3013) required to be proved as an element of the cause of action. The action, depending for its existence upon other " transactions or occurrences ", may present many and complicated issues of fact and law relating to matters not embraced within the terms of the judgment against the insured. Thus, certainly, the action is not the simple action " based " upon a judgment as contemplated by CPLR 3213.

The primary purpose of CPLR 3213 was to provide an effective means of promptly obtaining a judgment against a defendant where his liability for a certain sum of money would be established prima facie by the proof of a judgment or instrument and proof of nonpayment of a sum in accordance with

the terms thereof. In such cases, where the liability of the defendant is based upon the terms of the judgment or instrument, "a formal complaint is superfluous and even the delay incident upon waiting for an answer and then moving for summary judgment is needless." (First Preliminary Report of Advisory Committee on Practice and Procedure, p. 91; N. Y. Legis. Doc., 1957, No. 6[b], p. 91.) On the other hand, where one is compelled to look beyond the terms of a particular judgment or contract to find the basis for the liability of the defendant to pay a sum of money, then, orderly procedure requires pleading statements setting forth plainly and concisely the transactions and all occurrences intended to be proved and the material elements of the cause of action of the plaintiff and defense of the defendant. (See CPLR 3013, 3014.) The necessity for such statements in this type of action is clearly demonstrated by the record. Here, the recovery of the judgment against the insured is not questioned but, on the basis of the loosely drawn affidavits submitted by the plaintiff and the defendant, one is not able to tell what is and what is not in dispute.

Finally, and in any event, this is a case where orderly procedure requires a direction that a motion for summary judgment should await the service of pleadings delineating the issues. The affidavits of the attorneys (no statement verified by the parties or the insured is submitted) indicate the existence of issues which should not, at this stage of the action, be summarily resolved or rejected as irrelevant. In fact, as aforenoted, independent of the proof of the judgment, the plaintiff, in order to recover, must establish the existence of a covering liability policy and such existence is denied by defendant. There appear to be issues bearing upon the question of whether or not the liability policy issued by the defendant was effectively canceled and whether or not section 347 of the Insurance Law is applicable. Literally read, section 347 does not apply. (See *Kyer* v. *General Cas. Co.*, 14 A D 2d 649, mot. for lv. to app. den. 11 N Y 2d 642; *Murry* v. *Allstate Ins. Co.*, 16 A D 2d 958.) Certainly, if, as also claimed in plaintiff's affidavit, he relies upon "the elements of an equitable estoppel" by reason of the failure of defendant Allstate to file the notice of termination of the policy, whereby the plaintiff sustained "an irreparable change of position", there would exist issues requiring a trial.

The order, entered May 28, 1969, should be reversed, on the law, without costs and disbursements, the plaintiffs' motion denied and the matter remanded for service of pleadings, without prejudice to a renewal of motion for summary judgment following such service and on completion of disclosure proceedings.

McGIVERN, J. (dissenting). Plaintiffs, the injured parties in an accident which occurred on November 2, 1965, having recovered a judgment in the Supreme Court, County of Suffolk, bring this motion pursuant to CPLR 3213, for summary judgment, based upon the judgment duly entered in the office of the County Clerk, County of Suffolk.

The defendants in the judgment were the owners of a car which was involved in the accident, causing injuries and damages to the plaintiffs. This car had been insured by the instant defendant, Allstate Insurance Company, but before the accident, the company served upon its insured notice of cancellation making cancellation of the policy for nonpayment of premium effective May 7, 1965. No notice of cancellation was filed with the Commissioner of Motor Vehicles until February 3, 1967. In defense of the action and by way of a cross motion for summary judgment the insurance company takes the position that the policy was effectively canceled as of May 7, 1965, relying in support of this contention upon a construction given provisions of section 313 of the Vehicle and Traffic Law, which it claims are determinative to the exclusion of section 347 of the Vehicle and Traffic Law. I would reject the asserted defense.

Sections 310 and 347 of the Vehicle and Traffic Law effectively bar the defendant Allstate from asserting as a defense its cancellation of the policy, rendered abortive by its failure to comply with the latter statute. Section 347 of the Vehicle and Traffic Law was enacted expressly to protect the *public* from uninsured persons. Accordingly, insurers must notify the Commissioner of Motor Vehicles of acts of cancellation or be exposed to the consequences of continued coverage until the statute is observed. Appellant's reliance upon a literal reading of section 313 of the Vehicle and Traffic Law is misplaced. It ignores the fact that section 310 of article 6 (Motor Vehicle Financial Security Act) of the Vehicle and Traffic Law, of which section 313 is a part, declares that it is the intent and purpose of this article to prohibit any person from operating any motor vehicle without coverage, in order to protect the public from persons who are subject to tortious conduct arising out of operations of a motor vehicle.

Consequently, a construction of section 313 which would make it applicable to members of the public thwarts the Legislature's "grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them" (Vehicle and Traffic Law, § 310). Section 313 is designed to delineate the

duties and responsibilities as between the insurer and the insured. Section 347, which is part of the Motor Vehicle Safety Responsibility Act (Vehicle and Traffic Law, art. 7), was designed to spell out the relationships between the insurer, the Department of Motor Vehicles, *and* the general public. Article 7 implements article 6 and they must be read together. To isolate and divorce the literal language of section 313 from the declaration of purpose contained in section 310 and the implementing provisions of section 347 would frustrate the beneficial purpose sought to be achieved by these statutes. Legislative intent of a statute must be found in the setting of its declared purpose. We will not " blindly apply the words of a statute to arrive at an unreasonable or absurd result ". (*Williams* v. *Williams*, 23 N Y 2d 592, 599.) We must reject a statutory interpretation " which would so clearly offend against common sense." (*Kauffman & Sons Saddlery Co.* v. *Miller*, 298 N. Y. 38, 44.) See, also, section 576 (subd. 1, par. [g]) of the Banking Law, where terms no less stringent are directed by a statute *in pari materia*. Thus, compliance with the filing requirements of section 347 was essential in order to cancel the policy vis-à-vis the plaintiffs, as members of the public, for whom these statutes were passed by the Legislature. Lacking such compliance, the defense asserting cancellation of the policy prior to the accident, must be rejected.

The defendant insurance company's further challenge to the propriety of plaintiffs' use of CPLR 3213 as a vehicle for recovery is also rejected. CPLR 3213 has been properly invoked. We have " an action *based* on a judgment ", not on a money judgment as such. (See *Thrasher* v. *United States Liab. Ins. Co.*, 19 N Y 2d 159.) The section was designed for the situation at hand and was " intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious." (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.01.) The operative facts are not disputed. The statutory law is clear. Pleadings would be superfluous. CPLR 3213 becomes appropriate.

Thus, the order entered May 28, 1969, granting plaintiffs' motion for summary judgment pursuant to CPLR 3213 and denying defendant's cross motion, should be affirmed, with costs and disbursements.

TILZER and STEUER, JJ., concur with EAGER, J. P.; McGIVERN, J., dissents in opinion in which MARKEWICH, J., concurs.

Order entered May 28, 1969, reversed, on the law, without costs and disbursements, plaintiffs' motion denied and the matter

remanded for service of pleadings, without prejudice to a renewal of motion for summary judgment following such service and on completion of disclosure proceedings.