[820 NE2d 855, 787 NYS2d 211]

David Lang, Appellant, v Hanover Insurance Company et al.,
Respondents.

Argued October 12, 2004; decided November 18, 2004

## POINTS OF COUNSEL

*Greene & Reid, LLP,* Syracuse (*Jeffrey G. Pomeroy* of counsel), for appellant. I. Plaintiff-appellant, as an injured party and potential beneficiary under the subject policy of insurance, has standing to bring a declaratory judgment action against defendant-respondent, Hanover Insurance Company, prior to obtaining a judgment pursuant to Insurance Law § 3420 (a) (2). (*James v Alderton Dock Yards,* 256 NY 298; *Neubeck v McDonald,* 128 Misc 768; *Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57; *Jacob Goodman & Co. v New York Tel. Co.,* 309 NY 258; *Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188; *Curreri v Allstate Ins. Co.,* 37 Misc 2d 557; *State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514; *Reliance Ins. Co. v Garsart Bldg. Corp.,* 122 AD2d 128; *Costa v Colonial Penn Ins. Co.,* 204 AD2d 591; *Town of Islip v S. Zara & Sons Contr. Co.,* 207 AD2d 339.)

*Roe, Shantz & Iacono,* Liverpool (*Frederick F. Shantz* of counsel), for respondents. I. Because plaintiff is a stranger to the insurance contract and had no judgment against a purported insured under the policy, the lower court properly found that he had no standing to bring the present proceeding. (*Burke v London Guar. & Acc. Co.,* 47 Misc 171, 126 App Div 933, 199 NY 557; *Jackson v Citizens Cas. Co.,* 277 NY 385; *Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6; *Greyhound Corp. v General Acc. Fire & Life Assur. Corp.,* 19 AD2d 419, 14 NY2d 380; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Abdalla v Yehia,* 246 AD2d 373; *Tower Ins. Co. v Skate Key,* 273 AD2d 158; *University Garden Apts. v Nationwide Mut. Ins. Co.,* 284 AD2d 975; *Hershberger v Schwartz,* 198 AD2d 859; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527.) II. Even if plaintiff is found to have standing to maintain the action, dismissal of the present action was appropriate because plaintiff failed to join as a necessary party the alleged tortfeasor for whom plaintiff sought to establish coverage. (*Bello v Employees Motor Corp.,* 240 AD2d 527; *Wrobel v La Ware,* 229 AD2d 861; *Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57; *White v Nationwide Mut. Ins. Co.,* 228 AD2d 940; *Green v Welsh,* 956 F2d 30.)

*Ohrenstein & Brown, LLP,* New York City (*Michael D. Brown*

of counsel), for CCC Insurance Company, Ltd. and another, amici curiae. I. Plaintiff has no standing to bring any action against insurer Hanover Insurance Company because he has no rights under the insurance policy and he has not fulfilled the requirements of Insurance Law § 3420. (*Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6; *Richards v Select Ins. Co.*, 40 F Supp 2d 163; *University Garden Apts. v Nationwide Mut. Ins. Co.*, 284 AD2d 975; *Abdalla v Yehia*, 246 AD2d 373; *Hershberger v Schwartz*, 198 AD2d 859; *Vargas v Boston Chicken, Inc.*, 269 F Supp 2d 92; *Hartford Fire Ins. Co. v Mitlof*, 123 F Supp 2d 762; *175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585; *NAP, Inc. v Shuttletex, Inc.*, 112 F Supp 2d 369; *Tower Ins. Co. of N.Y. v Skate Key*, 273 AD2d 158.) II. New York declaratory judgment law does not permit an injured claimant to bring an action against an insurer prior to a finding of liability against the insured. (*Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6; *Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.*, 91 AD2d 317.) III. Allowing a declaratory judgment action by an injured claimant prior to obtaining a judgment against the insured would have serious adverse effects on captive insurers and on the liability insurance industry in New York overall.

### OPINION OF THE COURT

GRAFFEO, J.

Insurance Law § 3420 grants an injured plaintiff the right to sue a tortfeasor's insurance company to satisfy a judgment obtained against the tortfeasor. The issue presented in this appeal is whether the injured party may bring a declaratory judgment action against the insurance company before securing a judgment against the tortfeasor. We hold that a judgment is a statutory condition precedent to a direct suit against the tortfeasor's insurer.

Plaintiff David Lang was injured when he was struck in the eye while playing "paintball" at the home of John and Elizabeth Durbin. The paintball shot that hit plaintiff was fired by Richard Bachman, a houseguest of the Durbins. When notified of the incident, defendant Hanover Insurance Company, the Durbins' homeowners' liability insurance carrier, promptly disclaimed coverage for Bachman's acts on the ground that Bachman was not an insured party under the terms of the policy.

A year after the incident, plaintiff commenced a personal injury action against Bachman seeking damages for his alleged negligent conduct. After serving the complaint, plaintiff learned

that Bachman had filed a chapter 7 bankruptcy petition. A bank-ruptcy discharge was issued in April 2002.

While the personal injury case was pending, plaintiff also ini-tiated this declaratory judgment action against Hanover chal-lenging the disclaimer of coverage. Plaintiff sought a declara-tion that Bachman was an insured under the Durbin policy and that Hanover was therefore obligated to compensate Lang for the injuries Bachman negligently caused. Hanover answered and moved to dismiss the complaint. Among other arguments, Hanover asserted that plaintiff lacked standing to sue Hanover directly because plaintiff had not yet obtained a judgment against Bachman, Hanover's purported insured.

Supreme Court denied the motion to dismiss. On appeal, the Appellate Division reversed and dismissed the declaratory judg-ment action on the ground that Insurance Law § 3420 precludes a direct action by an injured party against a tortfeasor's insur-ance company until a judgment has been secured against the tortfeasor and that judgment has been served on the insurance company but has remained unpaid for 30 days. We affirm.

There is no dispute that parties to an insurance contract—the issuer, a named insured or a person claiming to be an insured under the policy—may bring a declaratory judgment action against each other when an actual controversy develops concern-ing the extent of coverage, the duty to defend, or other issues arising from the insurance contract. The question presented in this case is whether, and under what circumstances, a stranger to the policy—an injured party who has sued a tortfeasor—can bring a direct action against the tortfeasor's insurance company for a determination of coverage issues.

Under the common law, "an injured person possessed no cause of action against the insurer of the tort feasor" (*Jackson v Citizens Cas. Co.*, 277 NY 385, 389 [1938]). When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff could not sue the insurance company directly because there was no priv-ity of contract between plaintiff and the insurance carrier (*Burke v London Guar. & Acc. Co.*, 47 Misc 171 [Kings County 1905], *affd* 126 App Div 933 [2d Dept 1908], *affd* 199 NY 557 [1910]). A direct suit by an injured party against the tortfeasor's insurer was thus unknown to the common law (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]).

As a result, even when a tortfeasor had coverage under an existing insurance policy, the common-law rule created a hard-

ship for an injured party who lacked the means to sue the insolvent tortfeasor's insurance company directly and was therefore unable to gain access to available insurance proceeds. "[I]f the insured was insolvent, so that the person injured or the estate of one killed was unable to satisfy the judgment against him, the insurer in effect would be released. The policy being one of indemnity against loss suffered by the principal, it followed that the insured having suffered no damage, there was no loss for the insurer to indemnify" (*Jackson v Citizens Cas. Co.*, 277 NY at 389). Insurance companies thus were able to avoid paying judgments for losses that would have been covered under policies issued to their insureds.

In 1917, the Legislature remedied this inequity by creating a limited statutory cause of action on behalf of injured parties directly against insurers (*Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 275 [1928]). That statutory right, presently codified at Insurance Law § 3420, requires that every insurance policy issued in New York contain a provision "that the insolvency or bankruptcy of the person insured, or the insolvency of his estate, shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract" (Insurance Law § 3420 [a] [1]).

Section 3420 (b) (1) authorizes "any person who . . . has obtained a judgment against the insured . . . for damages for injury sustained or loss or damage occasioned during the life of the policy or contract" to maintain an action against the insurer "[s]ubject to the limitations and conditions of paragraph two of subsection (a) hereof." Subsection (a) (2) states: "in case judgment against the insured . . . shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may . . . be maintained against the insurer."

Insurance Law § 3420 therefore grants an injured party a right to sue the tortfeasor's insurer, but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days. Compliance with these requirements is a condition precedent to a direct action against the insurance company (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d at 166). As Chief Judge Cardozo described it, "[t]he effect of the statute is to give to the injured

claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater" (*see Coleman v New Amsterdam Cas. Co.*, 247 NY at 275). Once the statutory prerequisites are met, the injured party steps into the shoes of the tortfeasor and can assert any right of the tortfeasor-insured against the insurance company.

Here, it is undisputed that plaintiff did not obtain a judgment against Bachman, the alleged tortfeasor. Having failed to fulfill the condition precedent to suit, plaintiff could not pursue a direct action against Hanover and the Appellate Division properly granted Hanover's motion to dismiss the complaint.

Plaintiff's reliance on CPLR 3001, the statute that governs declaratory judgment actions, is misplaced. CPLR 3001 authorizes a court to declare "the rights and other legal relations of the parties to a justiciable controversy," providing a procedure for parties to resolve disputes over existing rights and obligations. What distinguishes declaratory judgment actions from other types of actions or proceedings is the nature of the primary relief sought—a judicial declaration rather than money damages or other coercive relief (*Solnick v Whalen*, 49 NY2d 224, 229 [1980]). But nothing in the language of CPLR 3001 alters the precedent regarding an injured party's standing to sue a tortfeasor's insurer. Plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer, and the statutory right created in Insurance Law § 3420 arises only after plaintiff has obtained a judgment in the underlying personal injury action.

That Bachman has obtained a bankruptcy discharge does not change our analysis. Far from supplying a reason for disregarding the statutory requirements, the bankruptcy or insolvency of an insured is precisely the situation Insurance Law § 3420 was intended to address. The statute makes clear that bankruptcy does not relieve the insurance company of its obligation to pay damages for injuries or losses covered under an existing policy (Insurance Law § 3420 [a] [1]). Where there has been a discharge in bankruptcy, federal courts have held that the permanent injunction that follows does not bar a plaintiff in a personal injury action from obtaining a judgment against the bankrupt defendant for the limited purpose of pursuing payment from defendant's insurance carrier (*see e.g. Green v Welsh*, 956 F2d 30 [2d Cir 1992]). Even if we were to assume that the potential

personal liability judgment was listed in Bachman's bankruptcy petition, the discharge would not prevent plaintiff from obtaining a judgment against Bachman, thereby satisfying the section 3420 condition precedent to suit against Hanover.

Finally, we note that an insurance company that disclaims in a situation where coverage may be arguable is well advised to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured. If it disclaims and declines to defend in the underlying lawsuit without doing so, it takes the risk that the injured party will obtain a judgment against the purported insured and then seek payment pursuant to Insurance Law § 3420. Under those circumstances, having chosen not to participate in the underlying lawsuit, the insurance carrier may litigate only the validity of its disclaimer and cannot challenge the liability or damages determination underlying the judgment.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed, with costs.