(March 28, 2005)

ALLSTATE INSURANCE COMPANY et al., Respondents, v UNITED INTERNATIONAL INSURANCE COMPANY, Appellant. [792 NYS2d 549]—

In an action, inter alia, for a judgment declaring the disclaimer of coverage by the defendant to be invalid and compelling the defendant to indemnify its insured Lay-Up Enterprises, Inc., doing business as Sand Bar, in an underlying action entitled *Muhs v Lay-Up Enterprises,* pending in the Supreme Court, Suffolk County, under index No. 15057/95, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered November 21, 2003, which, upon a decision of the same court dated October 16, 2003, in effect, declared the disclaimer to be invalid, and is in favor of the plaintiffs and against it in the principal sum of $74,675.25.

Ordered that the notice of appeal from the decision dated October 16, 2003, is deemed a premature notice of appeal from the judgment entered November 21, 2003 (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, and it is declared that the defendant's disclaimer of coverage is valid and the defendant is not obligated to indemnify Lay-Up Enterprises, Inc., doing business as Sand Bar, in the underlying action entitled *Muhs v Lay-Up Enterprises,* pending in the Supreme Court, Suffolk County, under index No. 15057/95.

To effectively deny coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159 [1967]; *Pawtucket Mut. Ins. Co. v Soler*, 184 AD2d 498 [1992]). To this end, the defendant carrier was required to sustain the very heavy burden of demonstrating that the insured's alleged failure to cooperate was deliberate (*see Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419 [1995]). The defendant met that burden in this case.

The record supports a finding that the defendant undertook diligent efforts that were reasonably calculated to bring about the cooperation of the insured, Lay-Up Enterprises, Inc., doing business as Sand Bar (hereinafter Lay-Up), in the underlying action (*see State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683 [1992]). The defendant's representatives contacted John Rafferty, who was Lay-Up's principal owner, on more than one occasion to ensure that he would be present on the day of his scheduled testimony, including speaking with him the night before his scheduled testimony.

The record also supports a finding that Rafferty's attitude, after his cooperation was sought, was one of willful and avowed obstruction (*see Utica Mut. Ins. Co. v Gruzlewski*, 217 AD2d 903 [1995]). Lay-Up's insurance policy required that any "involved insured must cooperate with [the carrier] in the defense of the claim or suit." Rafferty breached this policy by failing to appear to testify at the last minute, without explanation, despite promising United's representatives that he would testify, and being under subpoena from the plaintiffs' attorney, thereby prompting a contempt proceeding (*see Weissberg v Royal Ins. Co.*, 240 AD2d 733 [1997]; *Utica Mut. Ins. Co. v Gruzlewski, supra*). The defendant therefore met its heavy burden of showing lack of cooperation of its insured (*see Thrasher v United States Liab. Ins. Co., supra*). Contrary to the plaintiffs' contentions, the defendant was not required to show prejudice as a result of Rafferty's lack of cooperation (*see Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276-277 [1928]; *Utica Mut. Ins. Co. v Gruzlewski, supra*), and the defendant's disclaimer of coverage was timely (*see* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]). Accordingly, the Supreme Court erred in declaring the defendant's disclaimer

of coverage to be invalid. Thus, the defendant is not required to indemnify Lay-Up in the underlying action.

The defendant's remaining contention has been rendered academic. The plaintiffs' remaining contention is without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.