■ GEORGIY KLEYNSHVAG, Appellant-Respondent, v GAN INSURANCE COMPANY, Doing Business as WESTERN CONTINENTAL INSURANCE COMPANY, Respondent-Appellant. [801 NYS2d 383]—

Motion by the appellant-respondent, in effect, for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated September 30, 2003, which was determined by decision and order of this Court dated December 27, 2004 [13 AD3d 588], and motion by the respondent-appellant for leave to reargue the appeal or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the appellant-respondent's motion, in effect, for leave to reargue is granted; and it is further,

Ordered that the respondent-appellant's motion is denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated December 27, 2004, is recalled and vacated and the following decision and order is substituted therefor:

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated September 30, 2003, as, upon a decision of the same court dated September 9, 2003, granted his motion for summary judgment to the extent of awarding him the principal sum of only $25,000, and the defendant cross-appeals from the same order, which granted the plaintiff's motion for summary judgment and awarded the plaintiff the principal sum of $25,000, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for calculation of the interest due the plaintiff on the sum of $162,252.50 from the date of

entry of the underlying judgment (February 13, 2002), through the date of payment of the $162,252.50, and for entry of an appropriate amended judgment thereon.

The plaintiff, while driving his own vehicle, was struck by a vehicle driven by Emad S. Abdelmonen and owned by Samir Abdelmonen. Although it was joined as a party respondent to a subsequent proceeding brought to stay the plaintiff's arbitration of a claim for uninsured motorist benefits, the defendant GAN Insurance Company, doing business as Western Continental Insurance Company (hereinafter GAN), did not appear at the framed-issue hearing that was held in that proceeding. By order and judgment dated May 7, 1997, which was served upon GAN on May 23, 1997, the Supreme Court, Nassau County (Trainor, R.), noted that GAN had notice of the proceeding, and permanently stayed the arbitration on the ground that GAN insured the offending vehicle.

In January 1998 the plaintiff commenced an action against Samir Abdelmonen (hereinafter Samir) and Emad S. Abdelmonen (hereinafter Emad) in the Supreme Court, Kings County, to recover damages for his personal injuries. The record shows that GAN refused to accept service of the summons and complaint; GAN claimed that it did not insure either Samir or Emad.

Ultimately, the complaint was dismissed insofar as asserted against Samir for reasons that do not appear in the record. By order dated November 23, 1998, the Supreme Court, Kings County (Belen, J.), granted the plaintiff's motion for leave to enter a judgment against Emad upon his default. An inquest on damages was held on December 7, 2001. Emad did not appear, and by judgment entered February 13, 2002, the Supreme Court awarded the plaintiff the principal sum of $125,000, plus interest, costs, and disbursements for a total sum of $162,252.50. On February 19, 2002, the judgment was served with notice of entry on, among others, Samir, Emad, and GAN. On April 5, 2002, a second copy of the judgment with notice of entry was served upon GAN.

On May 13, 2002, the plaintiff commenced this action against GAN to recover the amount of the still-unsatisfied judgment pursuant to Insurance Law § 3420 (a) (2). GAN answered the complaint and asserted as an affirmative defense, inter alia, that this action was "barred" because it did not issue an insurance policy covering the "accident." Following joinder of issue, the parties moved and cross-moved for summary judgment. The plaintiff argued that GAN knew about the underlying action to recover damages for personal injuries and chose not to partici-

pate in it. Further, GAN was served with the ensuing default judgment, which had remained unsatisfied for over 30 days. In support of its cross motion, GAN argued, inter alia, that it did not issue an insurance policy covering Samir or Emad; however, the GAN officer who submitted a supporting affidavit conceded that GAN's record search was done by name, reverse name, and address. He conceded that GAN's records were not maintained in a fashion that would allow a search by vehicle identification number or state registration number.

While the summary judgment motion and cross motion were pending in this action, GAN moved in the Supreme Court, Nassau County—over five years later—to vacate the May 7, 1997, order and judgment entered in the proceeding to stay the arbitration for uninsured motorist benefits. By order dated October 3, 2002, the Supreme Court denied the motion.

In this action, the Supreme Court granted the plaintiff's motion for summary judgment, and denied GAN's cross motion for summary judgment dismissing the complaint. However, although the principal amount of the judgment in the underlying personal injury action was $125,000, the Supreme Court limited GAN's liability to $25,000. In its memorandum decision, the Supreme Court explained that it was "constrained" by the earlier proceedings in the Supreme Court, Nassau County, to find there was a GAN insurance policy covering the offending vehicle in effect at the relevant time. Nevertheless, at the same time, the Supreme Court was faced with the task of "ascertain-[ing] the terms of a policy which, in fact, does not appear to exist." Accordingly, the Supreme Court limited GAN's liability to the statutory minimum automobile liability policy limit set forth in Vehicle and Traffic Law § 311 (4) (a) which, as noted above, was $25,000. The parties now appeal and cross-appeal from the Supreme Court's order. We modify the order to increase the principal amount of the award to the plaintiff to $162,252.50, the full amount of the underlying judgment, together with interest and costs, that he obtained in his action to recover damages for personal injuries.

Insurance Law § 3420 (a) (2) permits the holder of an unsatisfied judgment in an action to recover damages for personal injuries against an insured to maintain an action against the latter's insurer to collect the judgment. Such an action is permitted following a 30-day waiting period after service upon the insurer of notice of entry of the judgment, assuming the insurer does not satisfy the judgment in the interim. The statute permits the injured party to collect "under the terms of the [insurance] policy" for the amount of the judgment. However, the recovery may not exceed the applicable policy limit.

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law under Insurance Law § 3420 (a) (2) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). He proved the existence of the judgment in his underlying action to recover damages for personal injuries (*see Lang v Hanover Ins. Co.*, 3 NY3d 350 [2004]). He also "establish[ed] that, at the time of the accident, there was in full force and effect an agreement of insurance between the insurer and the judgment debtor covering the latter for the liability merged in the judgment" (*Holmes v Allstate Ins. Co.*, 33 AD2d 96, 98 [1969]). The plaintiff established the latter element of his claim by showing that GAN was made a party respondent to the proceeding brought to stay the arbitration for uninsured motorist benefits, and knowingly chose not to participate therein. As a result, the Supreme Court, Nassau County, determined, upon GAN's default, that GAN insured the offending vehicle. Further, GAN chose not to seek to vacate that default for some five years, and evidently only after it was faced with the instant action. The latter motion was denied, and the resulting order was not appealed. Accordingly, under the circumstances of this case, we conclude that GAN is collaterally estopped from litigating the issue of coverage, even though that issue was initially determined on its default in the arbitration (*see Chai Props. Corp. v Carb, Luria, Glassner, Cook & Kufeld*, 288 AD2d 44 [2001]; *Harris v Stein*, 207 AD2d 382 [1994]). In doing so, we perceive no unfairness to GAN, in light of the procedural course, outlined above, that it knowingly followed.

In any event, we note that GAN admitted that its records were not maintained in such a way as would permit a search by vehicle identification or state registration number. Thus, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, GAN failed to raise a triable issue of fact. Accordingly, the plaintiff was properly awarded summary judgment.

There remains the issue of the plaintiff's damages. We conclude that the plaintiff's recovery should not have been limited to the statutory minimum of $25,000, but instead should have been allowed to the full extent of the judgment in the underlying action to recover damages for personal injuries. First, having ignored every step in the judicial processes leading to this action, one which may have been unnecessary had GAN chosen to participate earlier, GAN should not be heard to complain now that it is called upon to satisfy a judgment that was entered following its calculated decision to ignore the earlier stages of the plaintiff's claim. It was GAN's burden to prove

any limitation on the plaintiff's right to recover. In an analogous context, where an insurer seeks to avoid liability to the injured party altogether by claiming that the insured failed to cooperate with the insurer in violation of a policy provision, the Insurance Law explicitly places the burden upon the insurer to prove the alleged failure or refusal to cooperate (*see* Insurance Law § 3420 [c]). As the Court of Appeals has observed, this defense "penalizes the plaintiff for the action of the insured over [which] he has no control, and . . . the defense frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]). Since a limitation on an insurer's liability similarly may frustrate the policy of this State that victims of motor vehicle accidents receive compensation for their injuries, we conclude that GAN carries the burden of proving the limit of the relevant coverage. GAN argues that it did not issue an insurance policy at all; thus, any liability on its part arose by operation of law, and should be limited to the statutory minimum in effect at the time of the accident, which it argues was $10,000. However, GAN never demonstrated that it did not issue a policy. As noted, its record search was limited to one by name and address. It admitted that its records were not kept in such a way as would permit a search by vehicle identification or state registration number. In sum, GAN did not carry its burden of showing that its liability should be limited to any amount less than the full amount of the plaintiff's judgment. Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.