# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**35**

**CA 12-00807**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

ANTHONY PRAVE, III, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
ALSO KNOWN AS NEW YORK CENTRAL MUTUAL,
DEFENDANT-RESPONDENT.

---

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOEGGEMAN, GEORGE & CORDE, P.C., ALBANY (PAUL A. HURLEY OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 14, 2011. The order, among other things, denied in part the motion of plaintiff for summary judgment, and granted the cross motion of defendant for consolidation.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and granting the motion in its entirety and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Cayuga County, for entry of a judgment in favor of plaintiff in accordance with the following Memorandum: This appeal arises from an incident in which plaintiff was injured after nonparty James Henderson struck him while opening the driver's side door of a vehicle covered under a liability policy issued by defendant, New York Central Mutual Fire Insurance Company, also known as New York Central Mutual (NYCM). Plaintiff commenced a personal injury action against, inter alia, Henderson (underlying action). NYCM disclaimed coverage and refused to defend or indemnify Henderson in the underlying action on the ground that the incident was the result of an intentional act by Henderson that was not covered under the policy. Henderson therefore commenced an action against NYCM in Supreme Court, Oneida County (declaratory judgment action), seeking, inter alia, a declaration that NYCM had a duty to defend and indemnify him in the underlying action. In a prior appeal in the declaratory judgment action (prior appeal), this Court concluded that NYCM was required to defend Henderson and that the issue of indemnification would depend upon the outcome of the trial in the underlying action, i.e., whether Henderson was found to be negligent (*Henderson v New York Cent. Mut. Fire Ins. Co.*, 56 AD3d 1141, 1143). After the trial in the underlying action, it was determined that Henderson was negligent in causing plaintiff's

injuries, and a judgment was granted in favor of plaintiff in the amount of $70,000.

Plaintiff then commenced this Insurance Law § 3420 (b) action in Supreme Court, Cayuga County, against NYCM seeking to enforce the judgment in the underlying action. Thereafter, plaintiff moved for, inter alia, summary judgment on the complaint, and NYCM cross-moved to consolidate this matter with the declaratory judgment action. The court granted plaintiff's motion in part by dismissing NYCM's first, second, fourth and sixth affirmative defenses and otherwise denied the motion. The court also granted NYCM's cross motion and ordered that this matter be transferred to Supreme Court, Oneida County, for consolidation with the declaratory judgment action.

We agree with plaintiff that the court erred in failing to grant his motion for summary judgment in its entirety and in granting NYCM's cross motion and thereby transferring this matter. We therefore modify the order accordingly, and we remit the matter to Supreme Court, Cayuga County, for entry of a money judgment in favor of plaintiff. It is well settled that "Insurance Law § 3420 . . . grants an injured party a right to sue the tortfeasor's insurer . . . under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days . . . '[T]he effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement' " (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355). Here, NYCM does not contend that plaintiff failed to meet those statutory requirements, and plaintiff properly commenced this action against NYCM. Moreover, as plaintiff correctly contends, the determinations in the underlying action and in the prior appeal establish that NYCM is required to indemnify Henderson and that, as a result, plaintiff has a right to seek indemnification from NYCM pursuant to section 3420. In the prior appeal, we concluded that "[t]he court . . . erred in declaring that NYCM has no duty to indemnify [Henderson]. As noted, the complaint in the underlying action alleges negligent conduct on the part of . . . Henderson and, if he accidentally or negligently caused [plaintiff's] injuries while opening the driver's door, that event may be considered an 'automobile accident' within the meaning of the policy . . . and we thus conclude that the court erred in determining as a matter of law that NYCM had no such duty. Rather, 'that determination will abide the trial' in the underlying action" (*Henderson*, 56 AD3d at 1143, quoting *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 138). Henderson was found to be negligent in the underlying action and, based upon our determination in the prior appeal, NYCM was therefore required to indemnify him. Here, plaintiff submitted evidence in support of his motion establishing as a matter of law that the judgment in the underlying action included a finding that Henderson was negligent, and NYCM failed to raise a triable issue of fact.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court