DeLuca v RLI Ins. Co. (2020 NY Slip Op 05487)





DeLuca v RLI Ins. Co.


2020 NY Slip Op 05487


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-12371
 (Index No. 14845/13)

[*1]Jane DeLuca, respondent,
v
RLI Insurance Company, appellant.


Delahunt Law PLLC, Buffalo, NY (Timothy E. Delahunt of counsel), for appellant.
Herman & Beinin, Bellmore, NY (Mark D. Herman of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the defendant is obligated to pay damages to the plaintiff in connection with a judgment obtained against ML Specialty Construction, Inc., in an underlying action entitled DeLuca v Ilyas, commenced in the Supreme Court, Kings County, under Index No. 25539/06, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 24, 2018. The order and judgment, insofar as appealed from, granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to pay damages to the plaintiff in connection with the judgment obtained against ML Specialty Construction, Inc., in the underlying action, denied the defendant's cross motion for summary judgment declaring that it is not so obligated, and, in effect, declared that the defendant is obligated to pay damages to the plaintiff in the total sum of $292,250.30.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action for a judgment declaring that the defendant, RLI Insurance Company (hereinafter the insurer), is obligated to satisfy a judgment that she obtained against ML Specialty Construction, Inc. (hereinafter MLSC), in an underlying action entitled DeLuca v Ilyas, commenced in the Supreme Court, Kings County, under Index No. 25539/06. As relevant here, the plaintiff seeks to enforce the judgment that she obtained in the underlying action against the insurer pursuant to a marine and commercial general liability policy (hereinafter the subject policy) that was issued by the insurer to MLSC during the relevant time period.
The plaintiff moved for summary judgment declaring that the insurer is obligated to pay her damages in connection with the judgment entered in the underlying action. The insurer opposed the plaintiff's motion and cross-moved for summary judgment declaring that it is not so obligated. The insurer contended that it properly disclaimed coverage before any trial was held in the underlying action on the ground that MLSC had refused to cooperate with the insurer in connection with MLSC's defense of that action.
In an order and judgment dated July 24, 2018, the Supreme Court, among other things, granted the plaintiff's motion for summary judgment, denied the insurer's cross motion for summary judgment, and, in effect, declared that the insurer is obligated to pay damages to the [*2]plaintiff in the total sum of $292,250.30. The insurer appeals.
Under the common law, "an injured person possessed no cause of action against the insurer of [a] tort feasor" (Jackson v Citizens Cas. Co., 277 NY 385, 389). Accordingly, "[w]hen a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment . . . , the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier" (Lang v Hanover Ins. Co., 3 NY3d 350, 353). However, "[i]n 1917, the Legislature remedied this inequity by creating a limited statutory cause of action on behalf of injured parties directly against insurers" (id. at 354; see Coleman v New Amsterdam Cas. Co., 247 NY 271, 275). This statutory right, presently codified at Insurance Law § 3420, among other things, "grants an injured party a right to sue the tortfeasor's insurer, but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days" (Lang v Hanover Ins. Co., 3 NY3d at 354; see Insurance Law § 3420[a][2]; Kleynshvag v GAN Ins. Co., 21 AD3d 999, 1002). "Compliance with these requirements is a condition precedent to a direct action against the insurance company" (Lang v Hanover Ins. Co., 3 NY3d at 354; see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166).
The effect of the statute is "to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a . . . principal seeking indemnity and reimbursement after the judgment had been satisfied" (Coleman v New Amsterdam Cas. Co., 247 NY at 275). "The cause of action is no less but also it is no greater" (id.; see Kleynshvag v GAN Ins. Co., 21 AD3d at 1002). "Once the statutory prerequisites are met, the injured party steps into the shoes of the tortfeasor and can assert any right of the tortfeasor-insured against the insurance company" (Lang v Hanover Ins. Co., 3 NY3d at 355; see Wenig v Glens Falls Indem. Co., 294 NY 195, 198-199; Holmes v Allstate Ins. Co., 33 AD2d 96, 98).
Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law under Insurance Law § 3420(a)(2) (see generally Alvarez v Prospect Hosp., 68 NY2d 320). The plaintiff demonstrated, inter alia, that an unsatisfied judgment in her favor had been rendered in the underlying action to recover damages against MLSC (cf. Westchester Fire Ins. Co. v Utica First Ins. Co., 40 AD3d 978, 980), and that the subject policy provided coverage to MLSC "for the liability merged in [that] judgment" (Holmes v Allstate Ins. Co., 33 AD2d at 98; see Kleynshvag v GAN Ins. Co., 21 AD3d at 1003).
In opposition to the plaintiff's motion, the insurer contended that it was not obligated to satisfy the judgment in the underlying action because it had properly disclaimed coverage due to MLSC's refusal to cooperate. The insurer argued that the evidence it submitted in opposition to the plaintiff's motion and in support of its cross motion, at a minimum, raised a triable issue of fact as to whether MLSC breached the provision in the subject policy that required it to "[c]ooperate with [the insurer] in the investigation or settlement of [a] claim or defense against [any] 'suit'" brought against MLSC. We agree with the Supreme Court's rejection of this contention.
Where an insured's failure or refusal to cooperate is asserted by an insurer as a defense in an action pursuant to Insurance Law § 3420(a)(2), "the burden shall be upon the insurer to prove such alleged failure or refusal to cooperate" (Insurance Law § 3420[c][1]). "Since the defense of lack of co-operation penalizes the plaintiff for the action of the insured over whom he [or she] has no control, and since the defense frustrates the policy of this State that innocent victims . . . be recompensed for the injuries inflicted upon them, the courts have consistently held that the burden of proving the lack of co-operation is a heavy one indeed" (Thrasher v United States Liability Ins. Co., 19 NY2d at 168 [citations omitted]; see Continental Cas. Co. v Stradford, 11 NY3d 443, 450; Matter of Liberty Mut. Ins. Co. v Roland-Staine, 21 AD3d 771, 772-773).
Accordingly, "[t]o effectively deny coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, [*3]was one of willful and avowed obstruction" (Allstate Ins. Co. v United Intl. Ins. Co., 16 AD3d 605, 606; see Thrasher v United States Liability Ins. Co., 19 NY2d at 168-169).
Where, as here, the insured is a corporate entity, the court's inquiry should be "focused on the totality of the conduct of [the insured's] principals, since business entities such as [MLSC] necessarily cooperate or fail to do so because of the actions of their agents and it is only through them that the entities may assist in the investigation" (Erie Ins. Co. v JMM Props., LLC, 66 AD3d 1282, 1285 [ellipses, brackets, and internal quotation marks omitted]; see Dyno-Bite, Inc. v Travelers Cos., 80 AD2d 471, 475).
As a general matter, "[a]n insured's duty to cooperate is satisfied by substantial compliance" (Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d 603, 604-605). "[M]ere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation as 'the inference of non-co-operation must be practically compelling'" (Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d 789, 791, quoting Matter of Empire Mut. Ins. Co. [Stroud-Boston Old Colony Ins. Co.], 36 NY2d 719, 722).
A refusal to answer questions and a referral of such questions to the insured's attorney do not, without more, "reflect an attitude of willful and avowed obstruction" (Matter of New York Cent. Mut. Fire Ins. Co. v Bresil, 7 AD3d 716, 717). In addition, the insured is under no obligation "to combine with the insurer to present a sham defense" (Coleman v New Amsterdam Casualty Co., 247 NY at 276). However, the third prong may be established by an insurer's showing that its insured "engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (Avarello v State Farm Fire & Casualty Co., 208 AD2d 483, 483; see Coleman v New Amsterdam Casualty Co., 247 NY at 276; James & Charles Dimino Wholesale Seafood v Royal Ins. Co., 238 AD2d 379, 379). Of course, once an insurer has "disclaimed liability under the policy the insured's duty to comply with the co-operation clause of the policy cease[s]" (Coleman v National Grange Mut. Ins. Co., 28 AD2d 1073, 1074, affd 23 NY2d 836).
Here, the insurer contended that MLSC's principal, Michael Stoicescu, refused to cooperate and thereby breached the subject policy. The insurer did not allege that any other individuals associated with MLSC failed to cooperate. Although the insurer claimed that Stoicescu refused to cooperate in the underlying action, it is undisputed that he appeared for an examination before trial where he testified at length (cf. West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794-795; Weissberg v Royal Ins. Co., 240 AD2d 733, 734). The insurer failed to identify any information that Stoicescu refused to disclose, or any document that he refused to provide in connection with the underlying action (cf. Coleman v New Amsterdam Casualty Co., 247 NY at 276). The insurer's contention that Stoicescu refused to respond to certain telephone calls and letters was insufficient to show "an attitude of willful and avowed obstruction" (Matter of New York Cent. Mut. Fire Ins. Co. v Bresil, 7 AD3d at 717; see Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d at 791). Furthermore, although the insurer submitted evidence to show that, after years of litigation, Stoicescu had stated during one or more telephone calls that he would not attend a trial in the underlying action, any such statements were made before a date for the trial had even been set (cf. Employers-Commercial Union Ins. Cos. of Am. v Buonomo, 41 AD2d 285, 287-288), and the insurer did not allege that Stoicescu actually failed to appear for any required court appearance (cf. Allstate Ins. Co. v United Intl. Ins. Co., 16 AD3d at 606; Utica Mut. Ins. Co. v Gruzlewski, 217 AD2d 903, 903-904).
The insurer's submissions in opposition to the plaintiff's prima facie showing were insufficient to raise a triable issue of fact as to whether the conduct of MLSC constituted "willful and avowed obstruction" (DeLuca v RLI Ins. Co., 153 AD3d 662, 662 [internal quotation marks omitted]; see Foddrell v Utica First Ins. Co., 178 AD3d 901, 903-904; Matter of Government Empls. Ins. Co. v Fletcher, 147 AD3d 940, 941). Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment. For these same reasons, we agree with the court's determination to deny the insurer's cross motion for summary judgment (see generally CitiMortgage, Inc. v Goldberg, 179 AD3d 1006; Federico v Dolitsky, 176 AD3d 916, [*4]919).
In light of the foregoing, we need not reach the parties' remaining contentions.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court