Foddrell v Utica First Ins. Co.

2026 NY Slip Op 03294

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Thomas Foddrell, appellant,

v

Utica First Insurance Company, respondent (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-05288, 2023-05291, (Index No. 714748/20)

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

Mallilo & Grossman (Berson & Budashewitz, LLP, New York, NY [Jeffrey A. Berson], of counsel), for appellant.

Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for respondent.

[*1]

DECISION & ORDER

In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from (1) a decision of the Supreme Court, Queens County (Robert I. Caloras, J), entered May 11, 2023, and (2) a judgment of the same court entered June 5, 2023. The judgment, upon the decision, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.

ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

In 2006, the plaintiff commenced an action against Joney & Rana Construction Corp. (hereinafter J & R) and another entity to recover damages for personal injuries he allegedly sustained in a construction-related accident (hereinafter the underlying action). At the time of the accident, J & R was insured by the defendant, Utica First Insurance Company (hereinafter Utica). Utica retained a law firm to represent J & R in the underlying action and hired an investigator to contact Gardeep Singh, J & R's principal.

As alleged by Utica, Singh did not appear for two court-ordered depositions in the fall of 2008, despite his attorney's attempts to notify him. In January 2009, Utica retained the same investigator to inform Singh that a deposition was scheduled for April 13, 2009. According to J & R's attorney, on February 15, 2009, Singh answered a call from J & R's attorney and was informed that the plaintiff had moved to strike J & R's answer and that Singh was required to appear for a deposition. On April 3, 2009, Utica requested that the investigator hand-deliver a letter to Singh informing him that it would refuse to indemnify J & R if he did not attend the deposition. According to a letter addressed to J & R's attorney, the investigator spoke with Singh at his home on April 8, [*2]2009, and advised him of the time and location of the deposition. According to J & R's attorney, on April 10, 2009, Singh answered a call from J & R's attorney and told the attorney he would attend the deposition. However, Singh did not attend the deposition. In a letter dated April 15, 2009, Utica informed Singh that it would not indemnify J & R in the underlying action.

Thereafter, in an order dated August 4, 2009, the Supreme Court granted the motion of J & R's attorney to be relieved as counsel for J & R, and in another order dated August 4, 2009, the court granted the plaintiff's motion to strike J & R's answer to the extent of directing that J & R's answer would be stricken unless J & R appeared for a deposition by December 4, 2009. After J & R failed to appear for a deposition by December 4, 2009, the court issued an order dated September 30, 2010, inter alia, striking J & R's answer. After an inquest on the issue of damages, the court entered a judgment in the underlying action in favor of the plaintiff and against J & R and another entity in the total sum of $673,422.71.

In December 2013, the plaintiff commenced this action pursuant to Insurance Law § 3420(a)(2) to recover the amount of the unsatisfied judgment from Utica. In an order entered March 28, 2017, the Supreme Court, among other things, denied Utica's motion, inter alia, for summary judgment dismissing the complaint. In a decision and order dated December 18, 2019, this Court affirmed so much of the order entered March 28, 2017, as denied Utica's motion (see Foddrell v Utica First Ins. Co., 178 AD3d 901). After a nonjury trial, on June 5, 2023, the Supreme Court entered a judgment in favor of Utica and against the plaintiff dismissing the complaint. The plaintiff appeals.

Contrary to the plaintiff's contention, this Court's decision and order on the prior appeal did not bar the Supreme Court, at trial, from considering the issue of whether J & R's conduct amounted to willful and avowed obstruction. The decision and order did not determine that issue on the merits (see J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 778).

"'In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses'" (Allstate Ins. Co. v Kapeleris, 235 AD3d 708, 708 [internal quotation marks omitted], quoting Gelaj v Gelaj, 216 AD3d 1082, 1083; see O'Brien v Dalessandro, 43 AD3d 1123, 1123).

Insurance Law § 3420(a)(2) "'grants an injured party a right to sue the tortfeasor's insurer, but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days'" (DeLuca v RLI Ins. Co., 187 AD3d 709, 711, quoting Lang v Hanover Ins. Co., 3 NY3d 350, 354). "The effect of the statute is 'to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a . . . principal seeking indemnity and reimbursement after the judgment had been satisfied'" (id., quoting Coleman v New Amsterdam Cas. Co., 247 NY 271, 275). "'Once the statutory prerequisites are met, the injured party steps into the shoes of the tortfeasor and can assert any right of the tortfeasor-insured against the insurance company'" (id., quoting Lang v Hanover Ins. Co., 3 NY3d at 355).

"Where an insured's failure or refusal to cooperate is asserted by an insurer as a defense in an action pursuant to Insurance Law § 3420(a)(2), 'the burden shall be upon the insurer to prove such alleged failure or refusal to cooperate'" (id. at 712, quoting Insurance Law § 3420[c][1]). "'An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) its efforts were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after its cooperation was sought, was one of willful and avowed obstruction'" (Matter of Government Empls. Ins. Co. v Fletcher, 147 AD3d 940, 940, quoting Utica First Ins. Co. v Arken, Inc., 18 AD3d 644, 645). "The burden of proving lack of cooperation is a 'heavy one,' and is on the insurer" (Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 737, quoting Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168).

Here, the plaintiff introduced evidence at trial that he obtained a judgment against J & R, served the judgment upon Utica, and awaited payment for 30 days prior to commencing this action. Therefore, the plaintiff established a prima facie case of the right to a judgment against Utica pursuant to Insurance Law § 3420(a)(2) (see Lang v Hanover Ins. Co., 3 NY3d at 354; DeLuca v RLI Ins. Co, 187 AD3d at 711). However, Utica established that J & R failed to cooperate. Utica introduced evidence demonstrating that it diligently sought J & R's cooperation and that Utica's efforts were reasonably calculated to do so. The evidence also supported a conclusion that J & R willfully obstructed Utica's defense of the underlying action. Although Singh initially cooperated by providing a written statement, he could not have reasonably believed that he had fulfilled his obligation to cooperate with Utica (see Pawtucket Mut. Ins. Co. v Soler, 184 AD2d 498, 499). Utica demonstrated that Singh was informed of the time and location of his April 13, 2009 deposition, as well as the possibility that J & R's answer would be struck, and that Utica would disclaim coverage of J & R in the underlying action if he failed to attend. Nonetheless, despite indicating to J & R's attorney that he would attend the deposition, Singh failed to do so without explanation. Therefore, Utica met its burden of showing lack of cooperation of its insured (see Utica First Ins. Co. v Arken, Inc., 18 AD3d at 645; Allstate Ins. Co. v United Intl. Ins. Co., 16 AD3d 605, 606). Accordingly, the Supreme Court properly entered a judgment in favor of Utica dismissing the complaint.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court