M-DEAN REALTY CORP. et al., Respondents, v GENERAL SECURITY INSURANCE COMPANY, Appellant, et al., Defendants. [774 NYS2d 514]—

Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about September 11, 2003, which, inter alia, granted plaintiffs' motion to restore their action to the pre-note of issue calendar, unanimously reversed, on the law, without costs, the motion denied and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

This insurance coverage dispute stems from claims for injuries allegedly suffered by an infant who ingested lead paint in his apartment. Defendant General Security Insurance Company (General Security) issued liability policies to plaintiff M-Dean Realty Corp., the owner of the building where the infant lived. The original policy covered July 10, 1997 through July 10, 1998. It was thereafter renewed twice to cover the periods July 10, 1998 through July 10, 1999 and July 10, 1999 through July 10, 2000.

The original policy and each of the renewal policies contained an explicit lead liability exclusion. This stated that coverage did not apply to claims for "bodily injury": "arising out of or caused by the actual or alleged: (a) exposure to or existence of lead, paint containing lead, or any other material or substance containing lead . . . whether or not the lead is or was at any time airborne as a particle contained in a product ingested, inhaled, transmitted in any fashion, or found in any form whatsoever."

On March 3, 2000, M-Dean's broker reported the infant's claim to General Security. On March 23, 2000, General Security sent two separate but virtually identical disclaimer letters, one for the policy period July 10, 1997 through July 10, 1999, and the other for July 10, 1999 through July 10, 2000. The letters cross-referenced each other.

Approximately seven months later, on October 16, 2000, counsel for M-Dean wrote to General Security, informing the insurer that only one of the two disclaimer letters had been received. On October 23, 2000, General Security sent a copy of the March 23 disclaimer letter for the 1997-1999 policy period. On November 1, 2000, M-Dean, the owner of the building, and Ricardo Alicea, the building manager, brought this action seeking a declaration that General Security waived any right to disclaim coverage under the 1997-1999 policy, based upon its failure to timely disclaim coverage for this period. On July 12, 2002, after plaintiffs ignored two discovery orders and failed to appear at five court-ordered conferences over an eight-month period, the court struck the case from the calendar. On February 27, 2003, plaintiffs moved to restore the action, explaining

that they had not appeared at the conferences because their original attorneys withdrew from the case, and they had difficulty obtaining replacement counsel. The court granted the motion. We reverse.

To vacate an order on the ground of excusable default pursuant to CPLR 5015 (a) (1), the movant must demonstrate both a reasonable excuse and the legal merit of the asserted claim or defense (*Presbyterian Hosp. v New York Cent. Mut. Ins. Co.*, 277 AD2d 299 [2000]). While the inability to retain counsel has been held a sufficient excuse for failure to appear at a pretrial conference (*see Consortium Consulting Group v Chee Tsai*, 2 AD3d 177 [2003]), plaintiffs have failed to establish the merit of their contention that General Security waived its right to disclaim coverage for the 1997-1999 policy period (*cf. Uddaraju v City of New York*, 1 AD3d 140 [2003]; *Crespo v A.D.A. Mgt.*, 292 AD2d 5 [2002]).

To the contrary, the record shows that General Security disclaimed coverage for the infant's injuries as soon as reasonably possible (Insurance Law § 3420 [d]). M-Dean concedes having received one of the two identical disclaimer letters and waiting seven months to inform General Security that it did not receive the second disclaimer letter. Upon receipt of that notice, General Security immediately sent M-Dean a copy of the second March 23 communication.

Accordingly, we reject plaintiffs' claim of waiver, reverse the order appealed and dismiss the complaint. Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.