■ 3405 PUTNAM REALTY CORP., Plaintiff, v INSURANCE CORPORATION OF NEW YORK et al., Respondents, and KINDO KELLY, an Infant, by his Mother and Natural Guardian, ROMONITA ORTIZ, et al., Appellants. [828 NYS2d 394]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 28, 2005, which, to the extent appealed from, granted defendant insurer's cross motion for summary judgment dismissing plaintiff's complaint and denied the cross motion by defendants Kelly and Ortiz for summary judgment to strike defendant insurer's answer to their cross claim, unanimously affirmed, without costs.

Kelly and Ortiz are plaintiffs in an underlying action against plaintiff 3405 Putnam Realty for injuries allegedly arising due to ingestion of lead paint. 3405 Putnam Realty brought the instant declaratory judgment action to have its insurer defend and indemnify it under the insurance policy it had issued. The insurer contends that it disclaimed coverage in a timely fashion, sending notice both to plaintiff herein and to Kelly and Ortiz in the underlying action. Only Kelly and Ortiz appeal.

Kelly and Ortiz would not ordinarily have standing to bring an action for the relief sought in their cross claim (see Lang v Hanover Ins. Co., 3 NY3d 350 [2004]). However, the insured named Kelly and Ortiz, who failed to obtain a judgment in the underlying personal injury action prior to suing the tortfeasor's insurer, as required by Insurance Law § 3420, as party defendants in the action, thereby allowing them to contest the issue of coverage anew in the instant case (see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 471 [2005]).

The insurer properly disclaimed under the facts of this case, which included its notification to all interested parties upon receipt of process. Moreover, while the disclaimer, a copy of which was forwarded to Kelly and Ortiz's attorney, stated that the policy was no longer in force and effect, the insurer included language in that disclaimer specifically stating that "In the event this loss was within the policy effective dates, there would

be no coverage for this loss" under its lead based paint exclusion (*cf. Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185 [2000]). Under these circumstances, the disclaimer was valid (*see M-Dean Realty Corp. v General Sec. Ins. Co.*, 6 AD3d 169 [2004]).

We have considered appellants' other contentions and find them without merit. Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.