CATARACT SPORTS & ENTERTAINMENT GROUP, LLC, et al., Plaintiffs, v ESSEX INSURANCE COMPANY, Respondent, and FRANK STRANGIO et al., Appellants, et al., Defendant. [874 NYS2d 345]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 14, 2007 in a declaratory judgment action. The judgment, insofar as appealed from, dismissed the complaint, granted the motion of defendant Essex Insurance Company for summary judgment declaring that it is not obligated to defend or indemnify plaintiffs in the underlying personal injury action, and denied the cross motion of defendants Frank Strangio and Merrie Carole Strangio for summary judgment.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the complaint is reinstated, the motion is denied, the declaration is vacated, the cross motion is granted, and judgment is granted as follows:

It is adjudged and declared that defendant Essex Insurance Company is obligated to defend and indemnify plaintiffs in the underlying personal injury action.

Memorandum: Plaintiffs commenced this action seeking, inter alia, judgment declaring that defendant Essex Insurance Company (Essex) has a duty to defend and indemnify them in the underlying personal injury action brought by defendants Frank Strangio and his wife, Merrie Carole Strangio. In the underlying action, the Strangios seek damages for injuries sustained by Frank Strangio during a flag football game when he allegedly stepped into a rut in the artificial turf on premises owned and operated by plaintiffs. Supreme Court erred in granting the motion of Essex seeking summary judgment declaring that it is not obligated to defend or indemnify plaintiffs in the underlying action and in denying the Strangios' cross motion seeking a declaration to the contrary. We note at the outset that the Strangios ordinarily would lack standing to seek such relief against Essex based on their failure to satisfy the requirements of Insurance Law § 3420 by obtaining a judgment against Essex, the tortfeasors' insurer, in the underlying action (*see 3405 Putnam Realty Corp. v Insurance Corp. of N.Y.*, 36 AD3d 565 [2007], *lv denied* 8 NY3d 813 [2007]). Here, however, plaintiffs named them as party defendants, thereby allowing them to contest the issue of coverage in this action (*see id.*).

On the merits, we conclude that the commercial general liability policy issued by Essex to plaintiffs provides coverage for the accident. "Where an insurance policy is clear and unambiguous, it must be enforced as written" (*Woods v General Acc. Ins.*, 292 AD2d 802, 802 [2002]). The policy in effect at the time of the accident, as modified by Endorsement M/E 217 (4/99), unambiguously provides liability coverage for bodily injury arising out of the "ownership, maintenance or use of the premises" *or* arising out of the "project shown in the Schedule," i.e., the golf driving range. Because the policy identifies the insured premises in the disjunctive, each must be separately considered and either would support coverage (*see generally Propis v Fireman's Fund Ins. Co.*, 112 AD2d 734, 737-738 [1985], *affd* 66 NY2d 828 [1985]; *Coutu v Exchange Ins. Co.*, 174 AD2d 241, 243 [1992]). Because the injury in the underlying action allegedly arose out of the "ownership, maintenance or use of the premises," the Strangios are entitled to judgment declaring that Essex is obligated to defend and indemnify plaintiffs in the underlying action. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.