**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**OLYMPIA MORTGAGE CORPORATION, et al., Defendants.**

No. 04–CV–4971 (NG)(MDG).

United States District Court, E.D. New York.

June 21, 2013.

Wendy H. Schwartz, Binder & Schwartz LLP, Rachel K. Marcoccia, Reed Smith LLP, New York, NY, for Plaintiff.

Eric Joseph Grannis, Law Offices of Eric J. Grannis, Joseph Zelmanovitz, Stahl & Zelmanovitz, Pincus David Carlebach, Law Offices of David Carlebach, Esq., Na-than Schwed, Zeichner Ellman & Krause LLP, Jonathan S. Gould, Law Office of Jonathan Gould, New York, NY, Giacchino J. Russo, Giacchino J. Russo, White Plains, NY, for Defendants.

## ORDER

GERSHON, District Judge:

Plaintiff Federal National Mortgage Association ("Fannie Mae") and Karen Kincaid Balmer, Receiver for Defendant Olympia Mortgage Corporation ("Olympia"), submit a Joint Proposed Order and Final Judgment. Fannie Mae and Ms. Balmer (the "Receiver") seek, pursuant to Fed.R.Civ.P. 42(b), to sever the cross-claims asserted by the Receiver against defendants Barry Goldstein ("Goldstein") and Avruhum Donner ("Donner"), both of whom have filed for bankruptcy protection. Fannie Mae and the Receiver also request the entry of final judgment, pursuant to Fed.R.Civ.P. 54, with respect to all other claims and all other defendants/cross-claim defendants in this long-simmering action.

Defendants/cross-claim defendants Samuel Pinter ("Sam Pinter"), his wife and children, as well as several business entities related to Sam Pinter (collectively, "Fagie Pinter and Children"), oppose this application. They object to severance of the claims against Goldstein and Donner, arguing that it is prevented by the Automatic Stay imposed by § 362(a)(1) of the Bankruptcy Code, and they object to the entry of judgment against them on the grounds that it will give rise to piecemeal appeals to the Court of Appeals for the Second Circuit, and that Fannie Mae and the Receiver will suffer no prejudice if judgment is not entered.

### Background

Familiarity with the factual and procedural history of this matter is presumed. For the purposes of this application, how-

ever, it is worth noting that this action, which was commenced in 2004, has resulted in findings of liability as to most of the defendants and cross-claim defendants, as well as millions of dollars worth of damages owed to Fannie Mae and Olympia.[1] The only judgment which has been entered thus far is the consent judgment, entered into between Fannie Mae and Olympia relating to Fannie Mae's breach of contract claims against Olympia. (*See* Consent Judgment against Olympia Mortgage Corporation on Counts One and Two of the Amended Complaint, August 27, 2007, ECF Document # 394). Subsequently, Fannie Mae dismissed without prejudice its remaining claims against Olympia. (*See* Stipulation of Dismissal of Third, Fourth, Fifth, Sixth, Seventh and Ninth Causes of Action against Defendant Olympia Mortgage Corporation, May 11, 2011, ECF Document # 613.)

In May 2011, Fannie Mae moved for the entry of partial judgment against Sam Pinter, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. By Order dated July 25, 2011, this court denied that motion, concluding that, at that time, "entering a partial judgment against Samuel Pin-

ter would result in piecemeal appeals to the Second Circuit, and that Fannie Mae has not shown that it will be prejudiced by a delay in entry of judgment." Order, July 25, 2011, ECF Document # 644.

■ The landscape of this litigation has changed dramatically since that time. Fannie Mae and the Receiver have now resolved, by way of motion, default or settlement, all of their outstanding claims, with the exception of those asserted by the Receiver against Goldstein and Donner, and they are waiting to collect on awards of damages from no fewer than 24 separate parties.[2] The Receiver's claims against Goldstein and Donner were en route to resolution by trial when, within days of the deadline for filing their responses to Fannie Mae and the Receiver's Proposed Pretrial Order, both Goldstein and Donner filed for protection under Chapter 7 and Chapter 13 (respectively) of the United States Bankruptcy Code. Consequently, prosecution of the claims against Goldstein and Donner—which are all that remain of this action—was stayed pursuant to § 362(a)(1) of the Bankruptcy Code. *See* 11 U.S.C. § 362(a)(1).[3]

---

1. *See, e.g., Federal National Mortgage Association v. Olympia Mortgage Corp.*, 724 F.Supp.2d 308 (E.D.N.Y.2010) (on motion for summary judgment, awarding damages of $44.8 million in favor of Fannie Mae and against Sam Pinter); *Federal National Mortgage Association v. Olympia Mortgage Corp.*, 2010 WL 3085174 (E.D.N.Y., Aug. 6, 2010) (on motion for summary judgment, awarding damages in favor of Fannie Mae and against Leib Pinter in the amount of $43,918,500); *Federal National Mortgage Association v. Olympia Mortgage Corp.*, 2013 WL 417352 (E.D.N.Y., Jan. 29, 2013) (on motion for summary judgment, awarding damages in favor of Olympia and against Fagie Pinter and Children in amounts ranging from $20,000 to $302,620.07).

2. The Proposed Order and Final Judgment provides for the dismissal of "[a]ll claims,

cross-claims, and counterclaims not otherwise addressed ... herein, and not previously dismissed by Notice, Stipulation, and/or Order." (Joint Proposed Order and Final Judgment, at 8, ECF Document # 839–1)

3. Notwithstanding Sam Pinter's argument to the contrary, severance of the Receiver's claims asserted against Goldstein and Donner from the remainder of the claims does not violate the Automatic Stay imposed by § 362(a)(1). The plain language of that Section prohibits the "commencement or continuation ... of a judicial ... action or proceeding against the debtor ... or to recover a claim against the debtor." 11 U.S.C. § 362(a)(1). The stay against the Goldstein and Donner claims is automatic and those claims will be treated as stayed by this court. Allowing the other claims to go forward to judgment does not violate the stay.

## Discussion

■■■ Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Under Fed. R.Civ.P. Rule 54(b), the court is empowered to "direct entry of final judgment as to one or more, but fewer than all, claims or parties only if [it] expressly determines that there is no just reason for delay." Whether or not to sever a claim is within the broad discretion of the district court. *See Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir.1988). In deciding whether severance of claims for separate trials is appropriate, the court considers the similarity or difference between the issues sought to be tried separately, the necessity of different witness testimony or other evidence, and prejudice both to the party requesting severance if it is not granted, and to the party opposed to the severance if it is. *See Cashman v. Montefiore Medical Center,* 191 B.R. 558, 560–61 (S.D.N.Y.1996).

Given that the claims against all parties except for Goldstein and Donner have been resolved by motion, settlement or default, there is no danger of duplicative trials or witness testimony. Therefore, in this case, the propriety both of severance and of the entry of final judgment appears to turn on the balance of prejudice that will (or will not) be suffered by either side. In light of the posture of this litigation and that Fannie Mae and the Receiver have been waiting up to three years for the entry of judgments relating to damages that began accruing, in some cases, as early as 2000, it is clear that failure to enter final judgment now would cause Fannie Mae and the Receiver to suffer unfair prejudice. In contrast, the opposing parties have made no showing that they will suffer any prejudice if judgment-based on determinations of liability made and damages awarded over the last three years—is finally entered against them. Moreover, there is no way to know when the bankruptcy stay against Donner and Goldstein will be lifted, and refusal to enter final judgment against the non-bankrupt parties "would have the effect of preventing plaintiff for an indefinite period from recovering against [other defendants] clearly liable to plaintiff merely because another defendant is in bankruptcy." *B and B Associates v. Fonner,* 700 F.Supp. 7, 9–10 (S.D.N.Y.1988). There is thus no just reason for further delay in the entry of judgment.

I recognize that this decision raises the possibility that the parties will file separate appeals to the Second Circuit and that this possibility formed the basis for my earlier order denying Fannie Mae's request to enter partial judgment against

Section 362(a)(1) operates to stay prosecution of or recovery in connection with claims asserted against a debtor only, and, absent unusual circumstances, its protections are generally not extended to non-debtor co-defendants. *See, e.g., Teachers Insurance and Annuity Association of America v. Butler,* 803 F.2d 61, 65 (2d Cir.1986); *see also Queenie, Ltd. v. Nygard International,* 321 F.3d 282, 287–88 (2d Cir.2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.") Neither Sam Pinter nor any of the other cross-claim defendants has offered a basis upon which I can conclude that such consequences are present here. Similarly, although under Chapter 13 of the Bankruptcy Code, a civil action by a creditor to collect a consumer debt would be stayed as against "any individual that is liable on such debt with the debtor, or that secured such debt," there is no contention that this stay is applicable here, nor could there be. *See* 11 U.S.C. § 1301(a).

Sam Pinter.[4] However, Fannie Mae and the Receiver posit that the claims against Goldstein and Donner will be resolved through the Bankruptcy proceeding. (*See* Fannie Mae Letter of May 3, 2013, at 1, ECF Document # 835.) If so, those claims will be dismissed here and any appeal from the order of the Bankruptcy Court will be dramatically different from any appeals taken from the final judgments entered here. Given the altered scope of this litigation and any ensuing appellate practice, the prejudice that would be suffered by Fannie Mae and the Receiver in the absence of entry of judgment outweighs the rather remote possibility that the "ultimate dispositions of the claims remaining [here] could either moot [the Circuit Court's] decision on the appealed claim or require [the Circuit Court] to decide issues twice." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1095 (2d Cir.1992).

■ With respect to the entry of the Proposed Order and Final Judgment, I note that none of the defendants has raised an objection to the amounts of liability set forth therein. Counsel to Fagie Pinter and Children makes a vague and conclusory assertion as to credits to which some of the defendants and cross-claim defendants may be entitled. (*See* Fagie Pinter and Children Letter of May 28, 2013, at 3, ECF Document # 841.) However, to the extent this statement represents counsel's effort to obtain a set-off on the basis of other parties' settlements, it stops well short of satisfying the burden imposed upon a non-settling defendant seeking a set-off, which is to show "the extent to which a recovery against it would be duplicative of the plaintiff's recovery from settling defendants." *RLI Insurance Co. v. King Sha Group*, 598 F.Supp.2d 438,

447 (S.D.N.Y.2009). Absent any such showing, no set-off is awarded.

Therefore, the Proposed Order and Final Judgment is adopted, in substance, as submitted by Fannie Mae and the Receiver. However, such judgment has been revised, in part, to clarify the form, as suggested by the Judgment Clerk. Furthermore, the parties are advised that a provision has been added for the purpose of preventing any double recovery on the part of Fannie Mae.

**Conclusion**

Accordingly, the remaining claims against Barry Goldstein and Avruhum Donner are stayed, pursuant to 11 U.S.C. § 362(a)(1), pending the conclusion of the related proceedings in the United States Bankruptcy Court for the Eastern District of New York. All other claims are severed.

The Clerk of Court is directed to enter judgment in accordance with the following:

**WHEREAS** in a Complaint filed on or about November 16, 2004, as amended (the "Action"), plaintiff Federal National Mortgage Association ("Fannie Mae") asserted claims against Olympia Mortgage Corporation ("Olympia"), Samuel Pinter, Kahal Shomrei Hadath, Leib Pinter, Marcus Pinter, Barry Goldstein, Miriam Goldstein, Abe (a/k/a Avruhum) Donner, 1716 Realty Corp., Midwood Federal Credit Union, Shaindy Pinter, Zeisha Auerbach, Alan Braun, Alan J. Braun and Co., and Fagie Pinter seeking to recover for breach of contract, fraud, and other wrongful conduct by Olympia, its principals and others in connection with contractual agreements between Fannie Mae and Olympia; and

**WHEREAS** on or about November 4, 2004, Olympia voluntarily surrendered its license from the New York State Depart-

---

4. *See supra,* at 167.

ment of Banking to act as a mortgage lender; and

**WHEREAS** by Order dated November 23, 2004 (the "Appointment Order"), this Court appointed Karen Kincaid Balmer to act as receiver for Olympia (the "Receiver"); and

**WHEREAS** in a Cross–Claim Complaint filed in this Action on or about September 5, 2005, as amended, the Receiver on behalf of Olympia, filed cross-claims and other claims against 6401 Bingle Corporation, Barring Shields & Co. LLC, Chaim Donner, Nachema Donner, Naftali Donner, Sarah Donner, Toby Donner, Yocheved Donner, Jasmine Lakes Properties Corporation, David Kirschenbaum, Shoshana Kirshenbaum, Perry Lerner, Basi Nierenberg, P & G Realty Associates LLC, Abraham Pinter, Charles Pinter, David Pinter, Esther Pinter, Hadassah Pinter, Malke Pinter, Moishe Pinter, Moishe M. Pinter, Pearl Pinter, Samson Pinter, Sarah Pinter, Yossie Pinter, Zvi Pinter, S & F Ocean Realty, Sam Pinter & Associates, Gillian Sax, Peretz Stein, Rachael Stein, Chaim Taub, Tova Taub, Patty Trinidad, Z & S Realty, Alan J. Braun, Alan J. Braun & Company, Marcus Pinter, Abe (a/k/a Avruhum) Donner, Miriam Goldstein, Barry Goldstein, Zesha Auerbach, Shaindy Pinter, Kahal Shomrei Hadath, Samuel Pinter, Fagie Pinter, Leib Pinter and Doe Companies; and

**WHEREAS** in Counterclaims filed in this Action on or about October 24, 2006, defendant Sam Pinter asserted claims against Fannie Mae (the "Sam Pinter Counterclaims"); and

**WHEREAS** in a Consent Judgment filed in this Action on or about August 31, 2007, this Court approved a final judgment pursuant to Fed.R.Civ.P. 54(b) against Olympia and in favor of Fannie Mae in the amount of $44,800,000, plus N.Y. CPLR 5001 interest ("statutory prejudgment interest"); and

**WHEREAS** in its Order dated October 22, 2007 this Court dismissed all of the Sam Pinter Counterclaims; and

**WHEREAS** there have been numerous Notices, Stipulations and Orders withdrawing and/or dismissing various of the claims asserted by Fannie Mae and by the Receiver on behalf of Olympia, against various defendants and cross-claim defendants; and

**WHEREAS** the Court has entered numerous Orders granting summary judgment and in one instance an order of default on certain of Fannie Mae's claims against various defendants and on certain of the Receiver's claims on behalf of Olympia against various defendants; and

**WHEREAS** Fannie Mae and the Receiver have agreed to voluntarily dismiss all claims and cross-claims remaining in this Action, except for the Receiver's cross-claims on behalf of Olympia against Barry Goldstein and Abe Donner; and

**WHEREAS** on or about April 22, 2013, Barry Goldstein filed a petition for bankruptcy; and **WHEREAS** on or about April 25, 2013, Abe Donner filed a petition for bankruptcy; and **WHEREAS** all claims against Barry Goldstein and Abe Donner, including without limitation the claims covered by the Opinion and Order, dated March 21, 2012, granting summary judgment against Abe Donner and in favor of Olympia in the amount of $498,575.15, are now indefinitely stayed in this Court under the Federal Bankruptcy Code; and

**WHEREAS** all claims, cross-claims and counterclaims in this Action other than claims against Barry Goldstein and Abe Donner have been or may now be resolved;

**IT IS NOW THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. All claims in this action against Barry Goldstein and Abe Donner are stayed, as set forth above, pursuant to 11 U.S.C. § 362(a)(1).

2. All claims, cross-claims and counterclaims not covered by paragraph 1 herein, and on which final judgment had not previously been entered in this action, are hereby severed, and final judgment thereon is hereby entered pursuant to Fed.R.Civ.P. 54 as follows:

a. Against Sam Pinter and in favor of Fannie Mae and in favor of Olympia, in the amount of $44,800,000;

b. Against Sam Pinter and in favor of Fannie Mae in the amount of $853,790.34, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from July 1, 2000;

c. Against Leib Pinter and in favor of Fannie Mae and in favor of Olympia, in the amount of $43,918,500;

d. Against Kahal Shomrei Hadath and in favor of Fannie Mae and in favor of Olympia, in the amount of $1,892,376, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from September 4, 2001;

e. Against Kahal Shomrei Hadath and in favor of Fannie Mae and in favor of Olympia, in the amount of $152,500, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 30, 1998;

f. Against 6401 Bingle and in favor of Olympia in the amount of $3,374, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from August 16, 2004;

g. Against 6401 Bingle and in favor of Olympia, in the amount of $1,125, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from September 22, 2004;

h. Against Basi Nierenberg and in favor of Olympia in the amount of $302,620.07, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from March 29, 2002;

i. Against Chaim Donner and in favor of Olympia in the amount of $10,962.01, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 15, 2000;

j. Against Chaim Taub and in favor of Olympia in the amount of $299,113.54, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from May 1, 2002, which amount also includes liability in the amount of $296,626.71, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 1, 2002;

k. Against Charles Pinter and in favor of Olympia in the amount of $264,691.30, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from March 15, 2002;

l. Against David Pinter and in favor of Olympia in the amount of $20,000, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from January 16, 2003;

m. Against Fagie Pinter and in favor of Olympia in the amount of $93,839.11, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from March 29, 2002;

n. Against Jasmine Lakes and in favor of Olympia in the amount of $232,723.61, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from June 5, 2003;

o. Against Moishe M. Pinter and in favor of Olympia in the amount of $57,200, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from March 29, 2002;

p. Against Moishe Pinter and in favor of Olympia in the amount of $298,552.32, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 1, 2000, which amount also includes liability in the amount of $171,991.80, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 1, 2002;

q. Against Naftali Donner and in favor of Olympia in the amount of $29,566.11, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from September 15, 2003;

r. Against Nachema Donner and in favor of Olympia in accordance with the Opinion and Order, dated June 15, 2011, under N.Y. Debtor & Creditor Law §§ 273 and 276 in the amount of $171,743.41, with statutory prejudgment interest to run from November 15, 2001;

s. Against Perry Lerner and in favor of Olympia in the amount of $65,384.89, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from May 15, 2000;

t. Against S & F Ocean Realty and in favor of Olympia in the amount of $122,045, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from February 16, 2000;

u. Against S & F Ocean Realty and in favor of Olympia in the amount of $26,614.59, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from August 25, 2003;

v. Against Sarah Donner and in favor of Olympia in the amount of $82,543.44, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 15, 2000;

w. Against Sarah Pinter and in favor of Olympia in the amount of $20,000, with statutory prejudgment interest, as calcu-lated by the Clerk of Court, to run from January 16, 2003;

x. Against Toby Donner and in favor of Olympia in the amount of $1,619.88, with statutory prejudgment interest, as calcu-lated by the Clerk of Court, to run from July 31, 2004;

y. Against Yocheved Donner and in fa-vor of Olympia in the amount of $136,755.41, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from December 1, 2001;

z. Against Yossie Pinter and in favor of Olympia in the amount of $ 143,232.06, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 1, 2001, which amount also includes liability in the amount of $88,314.54, with statutory prejudgment in-terest, as calculated by the Clerk of Court, to run from May 1, 2003;

aa. Against Z & S Realty and in favor of Olympia in the amount of $163,786.41, with statutory prejudgment interest, as calcu-lated by the Clerk of Court, to run from November 11, 2000;

bb. Against Zvi Pinter and in favor of Olympia in the amount of $276,748.19, with statutory prejudgment interest, as calcu-lated by the Clerk of Court, to run from November 1, 2000, which amount also in-cludes liability in the amount of $170,250.22, with statutory prejudgment interest, as calculated by the Clerk of Court, to run from November 1, 2002.

3. In connection with each amount awarded in paragraph 2 above, Fannie Mae and Olympia, respectively, shall be entitled to recover statutory costs in accor-dance with Fed.R.Civ.P. 54.

4. All claims, cross-claims, and counter-claims not otherwise addressed in para-graphs 1 or 2 herein, and not previously dismissed by Notice, Stipulation, and/or Order, are hereby dismissed, without prej-

udice, and with all parties to bear their own fees and costs in connection therewith.

5. All claims, cross-claims, and counter-claims not otherwise addressed in paragraphs 1 or 2 herein, that are the subject of previous Notices, Stipulations, and/or Orders of Dismissal are dismissed in accordance with the terms set forth in each such dismissal, with all parties to bear their own fees and costs in connection therewith.

6, With respect to the Consent Judgment entered in favor of Fannie Mae on August 27, 2007 (*see supra*, at 170), and with respect to the judgments entered in favor of Fannie Mae pursuant to paragraph 2 herein, it is ORDERED that the amounts received upon execution thereon cannot exceed $44.8 million plus prejudgment interest, as calculated by the Clerk of Court.

SO ORDERED.