**Edward ZYBURO, Plaintiff,**

v.

**CONTINENTAL CASUALTY CO., Defendant.**

**No. 13 Civ. 6438.**

United States District Court, S.D. New York.

Signed Nov. 21, 2014.

William Peerce Howard, David Patrick Mitchell, Morgan & Morgan, Daniel Parsons Mitchell, Barr, Murman & Tonelli, PA/Partner, Tampa, FL, Peter George Safirstein, Morgan & Morgan, P.C., New York, NY, for Plaintiff.

Karen Ventrell, Colliau Carluccio Keener Morrow Peterson & Parsons, Washington, DC, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Plaintiff, Edward Zyburo, brings this action pursuant to 28 U.S.C. section 2201 against defendant, Continental Casualty Co., seeking a declaratory judgment that defendant wrongfully denied coverage to one of its insureds, NCSPlus, Inc., and wrongfully refused to defend NCSPlus in a separate action between plaintiff and NCSPlus, *Zyburo v. NCSPlus, Inc.*, 12 Civ. 6677(JSR). The issue presented to the court on a motion to dismiss is whether an injured plaintiff may bring a declaratory judgment action against an insurer when he has not yet obtained a judgment against the insured.

At the outset, it should be noted that the Declaratory Judgment Act does not provide an independent basis for jurisdiction; jurisdiction must be founded separately on either federal question or diversi-

ty. *See Great Am. Ins. Co. v. Hous. Gen. Ins. Co.,* 735 F.Supp. 581, 584 (S.D.N.Y. 1990) (citing *Warner–Jenkinson Co. v. Allied Chem. Corp.,* 567 F.2d 184, 186 (2d Cir.1977)); *see also In re Joint E. & S. Dist. Asbestos Litig.,* 14 F.3d 726, 731 (2d Cir.1993). While the Complaint alleges "federal question" jurisdiction, it does not specify any such question. *See* Complaint ("Compl.") ¶ 1. Nonetheless, as the factual averments of the Complaint plead, directly or by clear implication, the requisite elements of diversity jurisdiction, this case may proceed on that basis. Compl. ¶¶ 3, 4–6.

On the merits, the relevant factual allegations are as follows. On or about October 5, 2011, defendant issued a policy of insurance to NCSPlus (the "Policy"), affording coverage for miscellaneous professional liability in the amount of $2 million with effective dates November 15, 2011 to November 15, 2013. *Id.* ¶ 7. On August 31, 2012, plaintiff filed a putative class action, *Zyburo v. NCSPlus,* in the Southern District of New York, alleging that NCSPlus violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling the cell phone of lead plaintiff and others similarly situated numerous times without consent, using an automated telephone dialing system. *Id.* ¶ 16. Plaintiff later filed an amended complaint, withdrawing the class action allegations under the impression from initial discovery and an evidentiary hearing that NCSPlus did not have insurance or sufficient assets to satisfy a class judgment. *Id.* ¶¶ 17–18. Thereafter, however, plaintiff first learned of the Policy on July 22, 2013, *id.* ¶ 21, and this Court reinstated the class action complaint and motion to certify the class on October 23, 2013. *Id.* ¶ 26.

Plaintiff notified Continental of the lawsuit *Zyburo v. NCSPlus* shortly after learning of the Policy and later demanded the full amount of the Policy from Continental. *Id.* ¶¶ 22–24, 27. Continental declined to appear in that case, stating that there had been no claim submitted by the insured. *Id.* ¶ 25. It also rejected plaintiff's demand. *Id.* ¶ 27. On June 11, 2014, in response to an inquiry by NCSPlus, Continental sent a letter to NCSPlus stating that indemnity coverage would not be available, because none of the amounts sought by plaintiff under the TCPA constituted a "loss" covered by the Policy. *Id.* ¶ 29.

In the instant action, plaintiff seeks an adjudication of whether, under the Policy, defendant has an obligation to cover a judgment against NCSPlus in *Zyburo v. NCSPlus.* It is undisputed that plaintiff is not an "Insured Person" as defined in the Policy. *See* Defendant Continental Casualty Company's Memorandum of Law in Support of its Motion to Dismiss Complaint ("Def. Br.") ¶ 12; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Pl. Br.") at 4. No provision of the Policy affords any rights to plaintiff under the Policy or any right to plaintiff to sue on or under the Policy prior to obtaining a final and non-appealable judgment. Def. Br. ¶ 13; Pl. Br. at 4. Plaintiff has not obtained a judgment against NCSPlus in its suit for alleged violations of the TCPA. *Zyburo v. NCSPlus,* 12 Civ. 6677(JSR) (bench trial scheduled to begin on January 26, 2015).

Defendant brings this motion to dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), asserting that plaintiff has no standing under New York State Insurance Law section 3420 to bring this declaratory judgment action.[1]

---

**1.** The parties are agreed that, to the extent state law is here involved, it is the law of New

Def. Br. at 6. Plaintiff insists that the Declaratory Judgment Act, 28 U.S.C. § 2201, provides the basis for his standing. Pl. Br. at 5–6. He further argues that the relevant underlying state statute is procedural and therefore does not bar a federal court from applying its own remedy. Transcript of Hearing dated Nov. 13, 2014 ("Hr'g Tr.") at 15:13–20. The Court disagrees with both of plaintiff's arguments.

▮ *First,* the Declaratory Judgment Act does not provide a basis for plaintiff's standing in this diversity action. While the Act does establish an equitable procedure for a federal court to declare the rights and obligations of parties in dispute, this procedure does not obviate the need for a state law analysis of standing, as plaintiff contends. *See* Pl. Br. at 5–6 (citing *Gravatt v. Gen. Star Indem. Co.,* No. 98 Civ. 6670, 1998 WL 842351, at *2 (S.D.N.Y.1998)). Plaintiff is correct that a federal court must apply federal procedure, as opposed to state procedure, to a diversity action before it. *Hanna v. Plumer,* 380 U.S. 460, 473–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). However, the question of standing in this instance arises before the procedural remedy of the Declaratory Judgment Act becomes available. If plaintiff does not present a valid cause of action, as determined by state law, then this Court has no authority to issue a declaratory judgment remedy. *See Murphy v. Fed. Ins. Co.,* No. 04 Civ. 1699, 2005 WL 957410, at *2 (S.D.N.Y.2005); *NAP, Inc. v. Shuttletex, Inc.,* 112 F.Supp.2d 369, 376 (S.D.N.Y.2000).

▮ *Second,* the New York Court of Appeals has stated unequivocally that the underlying state statute here involved is substantive in nature. *Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 355, 787 N.Y.S.2d 211, 820 N.E.2d 855 (2004). If that deter-

mination is correct under federal definitions of substantive and procedural, the Court is bound to apply it to this case. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiff cites *deBruyne v. Clay,* No. 94 Civ. 4707, 1997 WL 471039, at *4 (S.D.N.Y. 1997), in support of his position that New York State Insurance Law section 3420 is procedural in nature. Pl. Br. at 6; Hr'g Tr. at 11:17–23. Section 3420 provides a cause of action—not available at common law—for an injured third-party to sue an insurer directly only if the third-party has a judgment against the insured that has been outstanding for at least thirty days. N.Y. Ins. Law § 3420(a)(2) and (b)(1). At the time *deBruyne* was decided, the New York Court of Appeals had not spoken yet as to whether the outstanding-judgment prerequisite to a cause of action was substantive or procedural, and there was a split in the Southern District of New York on that precise issue. *Compare NAP, Inc. v. Shuttletex, Inc.,* 112 F.Supp.2d 369, 372 (S.D.N.Y.2000) (finding section 3420 was substantive), *and Hartford Fire Ins. Co. v. Mitlof,* 123 F.Supp.2d 762, 765 (S.D.N.Y. 2000) (same), *with deBruyne v. Clay,* No. 94 Civ. 4707, 1997 WL 471039, at *4 (S.D.N.Y.1997) (finding section 3420 was procedural).

In 2004, the New York Court of Appeals held that the requirements for relief under Section 3420 apply to a declaratory judgment action under state law. *Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 355, 787 N.Y.S.2d 211, 820 N.E.2d 855 (2004). In so doing, that Court held that Section 3420's requirement of prior judgment was not merely a procedural hurdle, but was a condition precedent to standing:

What distinguishes declaratory judgment actions from other types of actions

York State.

or proceedings is the nature of the primary relief sought—a judicial declaration rather than money damages or other coercive relief. But nothing in the language of [the state declaratory judgment statute] alters the precedent regarding an injured party's standing to sue a tortfeasor's insurer. Plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer, and the statutory right created in Insurance Law § 3420 arises only after plaintiff has obtained a judgment in the underlying personal injury action.

*Lang,* 3 N.Y.3d at 355, 787 N.Y.S.2d 211, 820 N.E.2d 855. In other words, the Court held that the New York legislature, in enacting section 3420, created a limited substantive right not otherwise available to litigants. Under federal law, section 3420 must also be construed as substantive. Finding otherwise would essentially create a federal cause of action that does not exist under state law, contrary to the principles of *Erie. See Hanna,* 380 U.S. at 468, 85 S.Ct. 1136 (identifying the "twin aims" of *Erie* as discouragement of forum shopping and avoidance of inequitable administration of the laws); *see also NAP, Inc. v. Shuttletex, Inc.,* 112 F.Supp.2d 369, 374 (S.D.N.Y.2000). This means, under both state and federal analysis, that the New York legislature was enacting a substantive law, entitled to *Erie* deference. *See Gasperini v. Center for Humanities,* 518 U.S. 415, 430–31, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

▮ Applying section 3420 to this case, the Court finds that plaintiff's action is premature in that he has not yet obtained a judgment against the insured, NCSPlus. *Lang,* 3 N.Y.3d at 355, 787 N.Y.S.2d 211, 820 N.E.2d 855. Therefore, plaintiff lacks standing and this case must be dismissed. *See Murphy,* 2005 WL 957410, at *2 (dismissing an analogous case for lack of standing under Insurance Law section 3420).

At oral argument, plaintiff requested that, if the Court dismissed the case for lack of standing, it grant leave for plaintiff to file an amended complaint pursuant to New York Insurance Law section 3420(a)(6). Hr'g Tr. at 8:4–9, 23:21–24:4. Insurance Law section 3420(a)(6) requires that a policy issued in New York must include a provision that affords an injured party the right to sue the insurer directly where the insurer has denied coverage for personal injury claims based on failure to provide timely notice. However, while plaintiff's counsel stated he was under the impression that defendant's denial of coverage was due to untimely notice, defendant's counsel responded that the initial disclaimer based on late notice had been withdrawn. *See* Hr'g Tr. at 24:2–14. Therefore, even if Insurance Law section 3420(a)(6) otherwise applies to this case (which is doubtful), it provides no basis for an amended complaint on the basis stated by plaintiffs.

For the foregoing reasons, defendant's motion to dismiss is granted, without prejudice to refiling it if and when plaintiff obtains a judgment against NCSPlus that is outstanding for at least thirty days. Clerk to enter judgment.

SO ORDERED.