Liberty Mut. Ins. Co. v Jenkins Bros. (2022 NY Slip Op 01968)





Liberty Mut. Ins. Co. v Jenkins Bros.


2022 NY Slip Op 01968


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 651980/18 Appeal No. 15560 Case No. 2021-02693 

[*1]Liberty Mutual Insurance Company, Plaintiff-Appellant,
v
Jenkins Bros. et al., Defendants-Respondents.


Simpson Thacher & Bartlett LLP, New York (Michael Garvey of counsel) for appellant.
Cohen Ziffer Frenchman & McKenna LLP, New York (Alexander M. Sugzda of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2021, which denied plaintiff's motion for summary judgment declaring that under a pro-rata allocation, it is not responsible for funding the amounts paid by defendant Jenkins Bros. in settlement with the individual defendants that are attributable to the period after 1980 during which plaintiff did not insure Jenkins Bros., and granted the individual defendants' motion for summary judgment declaring that plaintiff is responsible for the entire amount of said settlements, and so declared, unanimously reversed, without costs, on the law, defendants' motion denied and the declaration vacated, and plaintiff's motion granted, and it is declared that plaintiff is not responsible for funding the entire amount of the settlements between Jenkins Bros. and the individual defendants.
The individual defendants failed to fulfill a condition precedent to filing a claim directly against plaintiff, i.e., they did not obtain judgments against plaintiff's insured, defendant Jenkins Bros. (see Insurance Law § 3420; Lang v Hanover Ins. Co., 3 NY3d 350, 354-355 [2004]).
The motion court's previous order directing substitute service on plaintiff did not constitute a determination that plaintiff was required to fund the entire amount of any potential settlement between Jenkins and the individual defendants. Nor did it make plaintiff a party to those settlement agreements.
The doctrine of equitable estoppel does not bar plaintiff from asserting that it is not responsible for the full amount of Jenkins' settlements, despite the fact that it appointed defense counsel for Jenkins. In addition to the fact that Jenkins and the individual defendants were the parties to the settlement agreements, the record shows that Jenkins' counsel disclosed plaintiff's position to the individual defendants. The individual defendants did not establish that they adopted a prejudicial change in position in reliance on plaintiff's conduct (see BWA Corp. v Alltrans Express U.S.A., Inc., 112 AD2d 850, 853 [1st Dept 1985]). Nor did they establish, notwithstanding plaintiff's prior practices with other claimants, that plaintiff took a contrary position in a prior legal proceeding or that a contrary position led a court to find a fact in its favor (see generally Becerril v City of N.Y. Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [1st Dept 2013], lv denied 23 NY3d 905 [2014]).
If the individual defendants had obtained judgments against Jenkins, they would only be entitled to the same relief from plaintiff that would have been due to Jenkins (Lang, 3 NY3d at 354-355). As between plaintiff and Jenkins, the language of the subject insurance policy supports pro rata allocation (see Keyspan Gas E. Corp. v Munich Reins. Am., Inc., 31 NY3d 51, 58-59 [2018]). Thus, Jenkins bore the risk for those years where it did not have coverage (id. at 56, 60-63).
We have considered the individual defendants' remaining arguments [*2]and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022